**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| THELMA LEE FREEMAN, | ) | No.  CV 08-7721 AGR |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff Thelma Lee Freeman ("Freeman") filed a Complaint on November 24, 2008.  Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on January 5 and March 9, 2008.  (Dkt. Nos. 6, 8.)  The parties filed a Joint Stipulation ("JS") on September 8, 2009, that addressed the disputed issues.  (Dkt. No. 16.)  The Commissioner filed the certified administrative record ("AR").  The Court has taken the Joint Stipulation under submission without oral argument.

Having reviewed the entire file, the Court remands this matter to the Commissioner for proceedings consistent with this Opinion.

///

///

I.

**PROCEDURAL BACKGROUND**

On August 23, 2007, Freeman filed an application for disability insurance benefits with an alleged onset date of February 23, 2007.  A.R. 101-03.  On October 19, 2007, the application was denied initially.  AR 66-70.  On May 12, 2008, an Administrative Law Judge ("ALJ") conducted a hearing at which Freeman and a vocational expert testified.  AR 19-64.  On June 27, 2008, the ALJ issued a decision denying benefits.  AR 5-15.  On September 26, 2008, the Appeals Council denied Freeman's request for review.  AR 1-4.  This lawsuit followed.

II.

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence or it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009); *Moncada*, 60 F.3d at 523.  When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner.  *Moncada*, 60 F.3d at 523.

///

///

///

### III.

### EVALUATION OF DISABILITY

**A.    Disability**

A person qualifies as disabled and is eligible for benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

**B.    The ALJ's Findings**

The ALJ found that Freeman has the following impairments: "a history of carpal tunnel syndrome and left ganglion cyst with surgical repair (left carpal tunnel release and resection of left ganglion cyst and right carpal tunnel release) and a history of mental depression."  AR 11.  Freeman "meets the insured status requirements of the Social Security Act through December 31, 2011."  *Id.*

The ALJ determined that Freeman "has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. 404.1567(a) except [she] cannot more than frequently grasp and grip with the right hand.  [She] has limited grip strength. [She] is capable of lifting and carrying up to 10 pounds occasionally and small objects frequently.  She can stand and walk for 2 hours and sit for 6 hours in an 8 hour day. She can push and pull commensurate with her lifting ability without significant limitation. She has no other limitations."  AR 13.  Freeman "is capable of performing past relevant work as technical writer and administrative assistant" both as actually performed and as generally performed in the national economy.  AR 14.

**C.    Freeman's Manipulative Impairments**

The ALJ stated that examining physician Dr. Yashruti "assigned a residual functional capacity consistent with that assigned herein."  AR 12.  In addition, a

1  nonexamining physician, Dr. Chiang, "assigned non-exertional limitations consistent
2  with Dr. Yashruti's assessment."  AR 13.

3       Freeman argues, however, that there is a material difference between the ALJ's
4  residual functional capacity ("RFC") assessment, on the one hand, and the opinions of
5  both Dr. Yashruti and Dr. Chiang, on the other hand.  Specifically, the ALJ found that
6  Freeman "cannot more than frequently grasp and grip with the right hand."  AR 13.  By
7  contrast, Dr. Yashruti found that Freeman is limited to occasional handling.  AR 244.
8  Dr. Chiang similarly found that Freeman was precluded from frequent handling with the
9  right hand.  AR 222.

10      The Commissioner concedes that "the ALJ's and Dr. Yashruti's assessments
11 differ regarding the frequency of Plaintiff's gripping and grasping."  JS 11.  The
12 Commissioner agrees that Dr. Chiang found "no more than occasional grasping with the
13 right hand."  JS 12.

14      An examining physician's opinion may serve as substantial evidence when it is
15 supported by independent clinical findings.  *Andrews v. Shalala*, 53 F.3d 1035, 1041
16 (9th Cir. 1995).  An ALJ may reject an uncontradicted examining physician's medical
17 opinion based on "clear and convincing reasons."  *Carmickle v. Comm'r, Soc. Sec.*
18 *Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).  When an examining physician's opinion is
19 contradicted, "it may be rejected for 'specific and legitimate reasons that are supported
20 by substantial evidence in the record.'"  *Carmickle*, 533 F.3d at 1164 (citation omitted).

21      A "nonexamining doctor's opinion 'with nothing more' [does] not constitute
22 substantial evidence."  *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995) (citation
23 omitted); *see also Ryan v. Comm'r of Social Security*, 528 F.3d 1194,  1202 (9th Cir.
24 2008).  Nor can the opinion of a nonexamining physician by itself "justif[y] the rejection
25 of the opinion of either an examining physician or a treating physician."  *Lester*, 81 F.3d
26 at 831 (citations omitted).  A nonexamining physician's opinion "may serve as
27 substantial evidence when . . . supported by other evidence in the record and . . .
28 consistent with it."  *Andrews*, 53 F.3d at 1041.

1    Given the ALJ's belief that Dr. Yashruti's opinion was consistent with his RFC, the
2    ALJ did not provide any reason for rejecting Dr. Yashruti's limitation to occasional
3    handling.  *See Carmickle*, 533 F.3d at 1164.  The ALJ stated only that Freeman "is
4    precluded from grip[p]ing and grasping with her right hand constantly or repetitively (but
5    can use it both occasionally and frequently)."  AR 13.  The parties agree that the term
6    "handling" encompasses gripping and grasping.  JS 4 n.1; JS 10 n.8 ("The
7    Commissioner finds that 'handling' would include grasping and gripping.") (citing Social
8    Security Ruling ("SSR") 85-15[1]).  The ALJ's determination that Freeman is capable of
9    frequent handling with her right hand is not supported by substantial evidence.[2]

10    Because the ALJ failed to set forth legitimate reasons supported by the record for
11    rejecting the opinion of Dr. Yashruti, his report must be credited.  *See Widmark v.*
12    *Barnhart*, 454 F.3d 1063, 1069 (9th Cir. 2006).

13    This matter must be remanded for further proceedings consistent with this opinion
14    at Step Four and, if appropriate, Step Five.  At the hearing, the ALJ asked the
15    vocational expert an alternative hypothetical question as to whether a claimant limited to
16    occasional gripping or grasping of the right hand could do Freeman's past relevant work
17    as technical writer or administrative assistant.  AR 57.  The vocational expert responded
18    that such a claimant could do Freeman's past relevant work.  *Id.*  Freeman argues that
19    there is a conflict between the vocational expert's testimony and the Dictionary of

20
21    _____

22    [1]   Social Security rulings do not have the force of law.  Nevertheless, they "constitute
23    Social Security Administration interpretations of the statute it administers and of its own
      regulations," and are given deference "unless they are plainly erroneous or inconsistent
24    with the Act or regulations."  *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) .

25    [2]   Freeman notes that the vocational expert testified a claimant limited to occasional
26    fingering would not be able to perform Freeman's past relevant work.  JS 8; AR 57-58.
      However, Dr. Yashruti found Freeman capable of frequent fingering.  AR 244.  To the
27    extent Freeman relies on Dr. Chiang's opinion, the opinion of a nonexamining physician
      cannot alone justify rejection of Dr. Yashruti's opinion.  *Lester*, 81 F.3d at 831.
28    Freeman's argument is rejected.

Occupational Titles ("DOT"), which lists technical writer and administrative assistant as requiring frequent handling.

Given that there may be a conflict between the vocational expert's testimony and the DOT, this matter must be remanded. "[A]n ALJ may [not] rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the *Dictionary of Occupational Titles*." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007). SSR 00-4p requires the ALJ to "first determine whether a conflict exists" between the DOT and the vocational expert's testimony, and "then determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]." *Id.* at 1153. In evaluating the vocational expert's explanation for the conflict, "an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). The ALJ's explanation is satisfactory if the ALJ's factual findings support a deviation from the DOT and "persuasive testimony of available job categories" matches "the specific requirements of a designated occupation with the specific abilities and limitations of the claimant." *Id.* at 1435. The remedy under these circumstances is a remand so that the ALJ may perform the appropriate inquiries. *Massachi*, 486 F.3d at 1154.

**IV.**

**CONCLUSION**

IT IS HEREBY ORDERED that this matter is remanded for further proceedings at Step Four and, if appropriate, Step Five, consistent with this opinion.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: May 6, 2010

_____
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

6